UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARL BENNETT, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § | |
| CACTUS WELLHEAD, LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Karl Bennett, bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees, (referred to as "Plaintiff") to recover unpaid overtime wages from Defendant Cactus Wellhead, LLC (referred to as "Defendant" or "Cactus Wellhead").  In support thereof, they would respectfully show the Court as follows:

### I.  Nature of Suit

1.     Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers" 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.     Cactus Wellhead violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.     Cactus violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.     Bennett brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Cactus Wellhead resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8.     Karl Bennett is an individual who resides in Brazos County, Texas and who was employed by Cactus Wellhead during the last three years.

9.     Cactus Wellhead, LLC is a Delaware corporation that may be served with process by serving its registered agent: C T Corporation System, 199 Bryan St., Ste. 900, Dallas, Texas 75201.  Alternatively, if the registered agent of Cactus Wellhead, LLC cannot with reasonable diligence be found at the company's registered office, Cactus Wellhead, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.     Whenever it is alleged that Cactus Wellhead committed any act or omission, it is meant that the Cactus Wellhead's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Cactus Wellhead or was done in the routine and normal course and scope of employment of Cactus Wellhead's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

11.     Cactus Wellhead is an oilfield services company that manufactures and services equipment for onshore oil and gas operations, including wellhead systems and, fracturing services; it does business in the territorial jurisdiction of this Court.

12.     During Plaintiff's employment with Cactus Wellhead, they were engaged in commerce or the production of goods for commerce.

13.     During Plaintiff's employment with Cactus Wellhead, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

14.     Cactus Wellhead operates in the major U.S. shales, including Texas, Oklahoma, Louisiana, Pennsylvania, North Dakota and the Rocky Mountain states.

15.     Cactus Wellhead also has offices in China and Australia.

16.     Cactus Wellhead employs numerous Technicians and Support personnel to serve exploration and production companies.

17 .    Plaintiff worked as a Support Specialist from September 2014 to March 2017.

18.     Plaintiff, like other Technicians and Support Personnel, spent the majority of his time operating oilfield machinery, collecting/relaying data and reporting reports of daily activities to both field and remote supervisors for analysis.

19.     Moreover, the job functions of Plaintiff and the Putative Class Members were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.  Plaintiff and the Putative Class did not have any supervisory or management duties.

20.     Finally, for purposes of an FLSA overtime claim, Plaintiff and the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

21.     While the exact job titled may have differed, this does not prevent collective treatment under the FLSA since all Technicians and Support Personnel performed similar type job duties and were subject to similar pay practices.

22.     Plaintiff and the Putative Class Members also worked similar hours and were both denied overtime as a result of the same illegal pay practice.  Plaintiff and the Putative Class Members were generally scheduled to work 84 hours per workweek and often times worked more.

23.     Instead of paying them overtime, Defendant paid Plaintiff and the Putative Class Members a hybrid salary and job bonus without overtime for all hours worked in excess of forty in a single workweek.

24.     The manual labor/technical duties which were performed by Plaintiff and the Putative Class consists of non-exempt work; therefore, they are entitled to overtime pay required by the FLSA.

25.     Cactus Wellhead knew or reasonably should have known that Plaintiff and the Putative Class worked in excess of forty hours per week.

26.     Cactus Wellhead did not pay Plaintiff and the Putative Class overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed."  29 U.S.C. § 207(a)(1).

27.     Cactus Wellhead knew or reasonably should have known that Plaintiff and the Putative Class was not exempt from the overtime provisions of the FLSA.

28.     Cactus Wellhead failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

29.     Cactus Wellhead knew or showed a reckless disregard for whether its pay practices violated the FLSA.

30.     Cactus Wellhead is liable to Plaintiff and the Putative Class for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**V.  Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)**

31.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

32.     During Plaintiff's employment with Cactus Wellhead, he was a non-exempt employee.

33.     As a nonexempt employee, Cactus Wellhead was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

34.     Cactus Wellhead did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

35.     Instead, Cactus Wellhead paid Plaintiff a hybrid salary and job bonus without overtime for all hours worked in excess of forty in a single workweek

36.     If Cactus Wellhead classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

37.    Cactus Wellhead knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, Cactus Wellhead willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

38.    Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

39.    The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

40.    In addition to the pay violations of the FLSA described above, Cactus Wellhead also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations

41.    Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

42.    On information and belief, other employees have been victimized by Cactus Wellhead's violations of the FLSA identified above.

43.    These employees are similarly situated to Bennett because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

44.     Cactus Wellhead's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

45.     Since, on information and belief, Bennett's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

46.     All employees of Cactus Wellhead, regardless of their rates of pay, job titles or precise job locations who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All current and former Cactus Wellhead employees who regularly worked in excess of 40 hours per week and were not paid proper overtime compensation during the last three years.

47.     Cactus Wellhead is liable to Plaintiff and the Putative Class for the difference between what it actually paid them and what it was legally obligated to pay them.

48.     Because Cactus Wellhead knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the Putative Class their unpaid overtime wages for at least the last three years.

49.     Cactus Wellhead is liable to Plaintiff and the Putative Class in an amount equal to their unpaid overtime wages as liquidated damages.

50.     Cactus Wellhead is liable to Bennett, the other support specialists, and other misclassified workers for their reasonable attorneys' fees and costs.

51.     Bennett has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

52.     Bennett demands a trial by jury.

## IX.  Prayer

53.     Plaintiff prays for the following relief:

   a.  an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b.  judgment awarding Plaintiff and the Putative Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c.  prejudgment interest at the applicable rate;

   d.  postjudgment interest at the applicable rate;

   e.  incentive awards for any class representative(s); and

   f.  all such other and further relief to which Plaintiff, the other support specialists, and other misclassified workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**